IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JONTRAE LARSEN,

                              Plaintiff,

   v.                                                       OPINION and ORDER

RYAN HARTWIG,                                          24-cv-386-jdp

                              Defendant.

---

Plaintiff Jontrae Larsen, proceeding without counsel, currently faces charges in Wisconsin for taking and driving a vehicle without consent, possessing a firearm as a convicted felon, and other alleged conduct. Because Larsen proceeds without prepaying the filing fee, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Larsen's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a claim upon which relief may be granted, but I will allow Larsen to amend the complaint to fix that problem.

ALLEGATIONS OF FACT

Larsen's allegations are sparse. I take Larsen to allege that the Department of Corrections employee who presided over his probation revocation hearing, Ryan Hartwig, forced him to participate in the hearing without the assistance of counsel.

ANALYSIS

Larsen brings a claim under the Sixth Amendment and seeks damages only. A defendant has no Sixth Amendment right to counsel in a probation revocation hearing. *United States v. Jones*, 861 F.3d 687, 690 (7th Cir. 2017). But I will treat the Sixth Amendment claim as a due process claim because defendants have a due process right to counsel at probation revocation hearings in some cases. *Gagnon v. Scarpelli*, 411 U.S. 778, 789–91 (1973). As a general rule, this right attaches "when a defendant has a colorable claim that he has not violated the conditions of release, or if he has a substantial case to make against revocation, notwithstanding any violation, that may be difficult to develop or present." *See Jones*, 861 F.3d at 690.

Larsen's complaint contains no factual allegations suggesting that he has a colorable claim that that he didn't violate his probation or that he has a substantial case to make against revocation that may be difficult to present. I will not allow Larsen to proceed on a due process claim based on Hartwig's alleged failure to appoint counsel at his probation revocation hearing.

Larsen's complaint faces another potential obstacle: abstention. Absent extraordinary circumstances, federal courts must abstain from deciding a claim when doing so would interfere with a state's pending criminal prosecution. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971). *Younger* applies to both claims for injunctive relief and damages. *Simpson v. Rowan*, 73 F.3d 134, 137–38 (7th Cir. 1995). If *Younger* applies and the plaintiff seeks damages, courts must stay the case instead of dismissing it. *See id.*; *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). I may raise *Younger* sua sponte. *Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir. 1996); *cf. Younger*, 401 U.S. at 40–41.

Adjudicating Larsen's due process claim may unduly interfere with his prosecutions. *Cf. Tobey v. Chibucos*, 890 F.3d 634, 651 (7th Cir. 2018) (*Younger* applies to claims seeking to

2

"derail an ongoing probation revocation proceeding"). But Larsen hasn't specified the status of his revocation proceedings and his allegations are too vague to otherwise determine whether allowing him to proceed on his due process claim would constitute undue interference. I will not apply *Younger* at this time, but I will consider the propriety of abstention when screening the amended complaint.

Larsen's complaint has a final problem. Larsen names "DOC Supervisor" as a defendant, but his allegations relate only to Hartwig. I will not allow Larsen to proceed against this unnamed individual. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under [42 U.S.C.] § 1983 . . . requires personal involvement in the alleged constitutional deprivation." (alteration adopted)); *Stewart v. Rice*, No. 12-cv-339-bbc, 2012 WL 2328227, at *2 (W.D. Wis. June 19, 2012) ("Plaintiff cannot state a claim upon which relief may be granted against defendants not discussed in the body of the complaint.").

I will allow Larsen to file an amended complaint that fixes these problems. In drafting his amended complaint, Larsen must:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of his federal rights. Larsen must take care to allege what each defendant did, or failed to do, to violate his rights.

- Avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Larsen believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.

3

- Omit legal arguments other than explaining what types of claims wishes to assert.

## ORDER

IT IS ORDERED that:

1. Plaintiff Jontrae Larsen's complaint, Dkt. 1, is DISMISSED for failure to state a claim upon which relief may be granted.

2. Plaintiff may have until October 4, 2024, to submit an amended complaint that fixes the problems identified in this order.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. Plaintiff must inform the court of any new address. If he fails to do this and defendant or the court cannot locate him, this case may be dismissed.

7. The clerk is directed to send plaintiff copies of this order and the court's prisoner complaint form.

Entered September 4, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge