IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JONTRAE LARSEN,

                  Plaintiff,

v.                                                  OPINION and ORDER

RYAN HARTWIG,                                    24-cv-386-jdp

                  Defendant.

---

Plaintiff Jontrae Larsen is currently housed at the Dane County Jail, but he is in Wisconsin Department of Corrections' custody. Larsen, proceeding without counsel, alleged that defendant Ryan Hartwig violated his federal rights by not appointing counsel to represent him at his probation revocation hearing. Dkt. 1. I dismissed Larsen's complaint for failure to state a claim upon which relief may be granted, but I allowed him to amend the complaint to fix that problem. Dkt. 6.

Larsen's amended complaint alleges that Hartwig refused to appoint counsel at his probation revocation hearing despite Larsen's "ignorance of the law and law t[e]rminology" and lack of "understanding of legal procedures." Dkt. 7 at 3. This failure, Larsen contends, violated due process and the Sixth Amendment. *Id.* at 2, 4. Larsen seeks damages based on "having to spend a substantial amount of time in custody." *Id.* at 4. I also take Larsen to seek a new revocation hearing where he's represented by counsel. *See id.*

Larsen's amended complaint has three problems. First, Larsen's claim for damages is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* held that a state prisoner cannot bring a claim for damages under 42 U.S.C. § 1983 if the claim "calls into question the lawfulness of his confinement, unless he can demonstrate that the underlying confinement has been

invalidated through a direct appeal, postconviction relief, or some other means." *Hatcher v. Saldana*, No. 21-3104, 2022 WL 17668178, at *1 (7th Cir. Dec. 14, 2022). Larsen bases his claim for damages on the allegation "that his prolonged custody was unlawful, but no state or federal court has invalidated his confinement." *See id.* I will not allow Larsen to proceed on his claim for damages.

Second, as I explained to Larsen in the initial screening order, a defendant has no Sixth Amendment right to counsel in a probation revocation hearing. Dkt. 6 at 2. I will not allow Larsen to proceed on his Sixth Amendment claim.

Third, Larsen hasn't stated a due process claim. To do that, Larsen would have to provide factual allegations suggesting that he has a colorable claim that he didn't violate his probation or that he has a substantial case to make against revocation that may be difficult to present. *Id.* But Larsen alleges only that he didn't understand the probation revocation proceedings due to a lack of legal knowledge. I will not allow Larsen to proceed on a due process claim.

Larsen failed to fix the problems with his original complaint, and his allegations indicate that further amendment would be futile. I will dismiss the amended complaint for failure to state a claim, and I will direct the clerk to record a strike under 28 U.S.C. § 1915(g).

## ORDER

IT IS ORDERED that:

1. Plaintiff Jontrae Larsen's amended complaint, Dkt. 7, is DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

2. A strike is to be recorded under 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment and close the case.

Entered October 25, 2024.

                                          BY THE COURT:

                                          /s/

                                          _____

                                          JAMES D. PETERSON
                                          District Judge